UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCES FITZPATRICK, et al.,  :
          Plaintiff  :
          :
      v.  :  CIVIL ACTION NO. 05-2415
          :
FREIGHTLINER, LLC  :  (JUDGE NEALON)  **FILED
          Defendant  :  SCRANTON**

FEB 2 6 2007

Per_____
DEPUTY CLERK

## ORDER

On February 14, 2007, counsel for the Defendant filed a Stipulated Protective

Order (Doc. 30) seeking an Order which seeks, *inter alia*, to keep certain information

identified as trade secrets or proprietary information confidential and seeks sealing of

any such information if filed on the record. In support, the submission merely

concludes that there has been "good cause shown" for such an order.

Sealing of documents from public view has become a matter of concern for the

court in recent years. By way of example, a procedure protecting disclosure of certain

personal information has ben adopted in this district. *See* M.D. Pa. LR 5.2(e).

Nevertheless, in certain circumstances, trade secrets and proprietary interest case law

has been developed to demonstrate the need for caution in sealing. may qualify for

sealing documents. It has been emphasized that the existence of the public's common

law right of access to judicial proceedings and records predates the Constitution and

"is beyond dispute." <u>Publicker Industries, Inc. v. Cohen</u>, 733 F.2d 1059, 1066 (3d

Cir.1984); *see also* <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597

(1978).  Access encompasses not only the ability to attend open court proceedings but

also the right of the public to inspect and to copy judicial records. <u>United States v.</u>

<u>Criden</u>, 648 F.2d 814, 819 (3d Cir.1981) (<u>Criden I</u>). The right is based upon both

"historical experience and societal utility." <u>United States v. Smith</u>, 776 F.2d 1104,

1114 (3d Cir.1985) (Smith I ). The public's exercise of its common law access right in

civil cases promotes public confidence in the judicial system by enhancing

testimonial trustworthiness and the quality of justice dispensed by the court.

<u>Littlejohn v. Bic Corp.</u>, 851 F.2d 673, 677-678 (3d Cir. 1988).  *See* 6 J. Wigmore,

Evidence § 1834 (J. Chadbourne rev. 1976).  The court has the responsibility to

determine whether the documents actually contain trade secrets because documents

are not entitled to trade secret protection merely because they are confidential.

<u>Littlejohn</u>, *supra*.  The bright light cast upon the judicial process by public

observation diminishes possibilities for injustice, incompetence, perjury, and fraud.

<u>Id</u>.  Furthermore, "[a]ccess to civil proceedings and records promotes 'public respect

for the judicial process' and helps assure that judges perform their duties in an honest

and informed manner." <u>Leucadia, Inc. v. Applied Extrusion Technologies, Inc.</u>, 998

F.2d 157, 161 (3d. Cir. 1993)(citation omitted)(quoting <u>id</u>.).

　　　　The Court of Appeals for the Third Circuit has addressed the question of what

circumstances will permit a district court to seal judicial proceedings:

> In order to override the common law right of access, the party seeking
> the closure of a hearing or the sealing of part of the judicial record "bears
> the burden of showing that the material is the kind of information that
> courts will protect" and that "disclosure will work a clearly defined and
> serious injury to the party seeking closure." <u>Miller v. Indiana Hospital</u>,
> 16 F.3d 549, 551 (3d Cir. 1994)(citing <u>Publicker</u>, 733 F.2d at 1071). In
> delineating the injury to be prevented, specificity is essential. *See*
> <u>Publicker</u>, 733 F.2d at 1071. Broad allegations of harm, bereft of specific
> examples or articulated reasoning, are insufficient. As is often the case
> when there are conflicting interests, a balancing process is contemplated.
> "[T]he strong common law presumption of access must be balanced
> against the factors militating against access. The burden is on the party
> who seeks to overcome the presumption of access to show that the
> interest in secrecy outweighs the presumption." <u>Leucadia</u>, 998 F.2d at
> 165 (quoting <u>Bank of America Nat. Trust v. Hotel Rittenhouse</u>, 800 F.2d
> 339, 344 (3d Cir.1986)).

<u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d Cir. 2001).

Applying this standard, it appears that the conclusory language of "for good cause shown" is inadequate to satisfy the burden of establishing clearly defined and serious injury to justify sealing these documents on the record.  Consequently, given this public policy requiring specific justification for sealing, the parties will be afforded an additional fifteen (15) days to respond, with more particularity, as to what information is considered to be confidential and justifying a sealing order.

Date: February 26, 2007                    s/ William J. Nealon
                                           United States District Judge